THE WILLIAMS LAW GROUP
Andrew Williams, Esq.
Attorney for Plaintiff
6273 Sunset Drive
Suite D3
South Miami, Florida 33143
Telephone: (253) 970-1683
CA Bar No. 310526
Email:  Andrew@TheWilliamsLG.com
Secondary Email: WilliamsLawFlorida@gmail.com

**Attorney for Plaintiff, CHEYENNE PETRICH**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEYENNE PETRICH, an individual, and ANDREW WILLIAMS, an individual,<br>　　　　　Plaintiff,<br><br>vs.<br><br>UBER TECHNOLOGIES, INC, a Delaware corporation;<br>RASIER, LLC, a California limited liability company;<br>RASIER-CA, LLC, a California limited liability company;<br>RASIER-PA, LLC, a California limited liability company;<br>VK SHUTTLE, LLC, a California limited liability company;<br>VARUZHAN KIZIRIAN, an individual;<br>DAIRY MARIELA HERRERA DEL RIO, an individual;<br>LORENA LARA DEL RIO, an individual; and DOES 1 through 50, inclusive<br>　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>1.  NEGLIGENCE<br><br>2.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>3.  BATTERY<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

　　NOW COMES Plaintiffs, CHEYENNE PETRICH ("Ms. Petrich") and ANDREW WILLIAMS ("Mr. Williams") (collectively, "PLAINTIFFS"), by and through undersigned counsel and hereby file this

Complaint and Demand for Jury Trial against Defendants, UBER TECHNOLOGIES, LLC; RASIER, LLC; RASIER-CA, LLC; RASIER-PA, LLC (collectively, the ("UBER DEFENDANTS"); VK SHUTTLE, LLC; VARUZHAN KIZIRIAN; DAIRY MARIELA HERRERA DEL RIO; LORENA LARA DEL RIO; and DOES 1 through 50, inclusive, (all defendants collectively shall be known as, the "DEFENDANTS") and state as follows:

## INTRODUCTION

1.     This is a suit based upon negligence and intentional tort claims.  The Plaintiffs have specifically alleged counts of: Negligence, Negligent Infliction of Emotional Distress, and Battery; however, Plaintiffs may move to amend these counts should additional counts and claims against the DEFENDANTS be discovered.

2.      Plaintiffs are seeking more than One Million Five Hundred Thousand dollars ($1,500,000.00) in damages, including an award of, costs, and attorney's fees.

## THE PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff CHEYENNE PETRICH is an individual, and was at all relevant times mentioned a citizen of Vancouver, British Columbia, Canada.

4.     Plaintiff ANDREW WILLIAMS is an individual, and was at all relevant times mentioned a citizen of Miami-Dade County, Florida.

5.     Defendant UBER TECHNOLOGIES, LLC (hereinafter "UBER") is a Delaware corporation with its principal place of business in the State of California. At all relevant times UBER conducted business in the State of California.

6.      Defendant RASIER, LLC (hereinafter "RASIER") is a limited liability company organized and existing under the laws of the State of Delaware, and whose principal place of business is in the State of California.  At all relevant times RASIER conducted business in the State of California.

7.     Defendant RASIER-CA, LLC (hereinafter "RASIER-CA") is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business is in the State of California.  At all relevant times RASIER-CA conducted business in the State of California.

8.     Defendant RASIER-PA, LLC (hereinafter "RASIER-PA") is a limited liability company organized under the laws of the State of Delaware, and whose principal place of business is, on information and belief, in the State of California.  At all relevant times RASIER-PA conducted business in the State of California.

9.     Defendant VK SHUTTLE, LLC (hereinafter "VK") is a limited liability company organized under the laws of the State of California, and whose principal place of business is in the State of California.  At all relevant times VK conducted business in the State of California.

10.    Defendant VARUZHAN KIZIRIAN ("KIZIRIAN") is an individual, and was, on information and belief, at all relevant times mentioned a citizen of Los Angeles, County, California.

11.    Defendant MARIELA HERRERA DEL RIO ("M. DEL RIO") is an individual, and was, on information and belief, at all relevant times mentioned a citizen of Los Angeles, County, California.

12.    Defendant LORENA LARA DEL RIO ("L. DEL RIO") is an individual, and was, on information and belief, at all relevant times mentioned a citizen of Los Angeles, County, California.

13.    The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to PLAINTIFFS.  Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 50, inclusive, are unknown to PLAINTIFFS.  PLAINTIFFS therefore sue Defendants by such fictitious names.  PLAINTIFFS are informed and believe, and thereupon allege, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently,

wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to PLAINTIFFS, as hereinafter alleged.  PLAINTIFFS will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy of this suit exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states (and countries).

15.     Venue is proper in this District pursuant to § 1391, in that a substantial part of the events or omissions giving rise to these claims occurred in this District.

**GENERAL ALLEGATIONS**

16.     PLAINTIFFS, at all material times hereto, were passengers in a vehicle driven, owned, and/or operated by VK and KIZIRIAN.

17.     VK and KIZIRIAN, at all times material hereto, were acting as employees and/or agents of the UBER DEFENDANTS.

18.     In the early morning hours of March 4, 2018, KIZIRIAN was driving south on I-101 (the "Hollywood Freeway") in a 2017 black Chevy Suburban, with VIN number 5N1AN08U98C525786, and license plate number 62320J2 (the "Suburban").  At the same time M. DEL RIO was driving south on the Hollywood Freeway in a 2014 GMC Terrain, with VIN number 2GKFLTE38E6324449, and license plate number 7JDK475 (the "Terrain").

19.     The Terrain was owned by L. DEL RIO, who on information and belief, explicitly granted M. DEL RIO permission to use and operate the Terrain on March 4, 2018.

20.     At the time M. DEL RIO was operating the Terrain she was severely intoxicated by alcohol and/or other substances.

21.     On information and belief, M. DEL RIO collided into another vehicle, which caused that vehicle to collide into the Suburban carrying PLAINTIFFS, and although PLAINTIFFS were wearing their seatbelts, they were severely injured in the crash.

22.     As a result of the collision, PLAINTIFFS proximately suffered significant bodily injuries and suffering, mental anguish, loss of capacity for the enjoyment of life, medical expenses, and loss of earnings.  These losses are either permanent or continuing and PLAINTIFFS will continue to suffer these losses in the future.

23.     Unfortunately, neither M. DEL RIO or L. DEL RIO, had insurance on the date and time of the collision.

24.     VK and KIZIRIAN who acted as employees and/or agents of the UBER DEFENDANTS were required to have insurance; however, the UBER DEFENDANTS failed to require either VK or KIZIRIAN to obtain any uninsured/underinsured motorist (UM/UIM) insurance coverage.

25.     Due to the failure of the UBER DEFENDANTS to require VK and/or KIZIRIAN to obtain any UM/UIM coverage, the PLAINTIFFS have been left without adequate relief and coverage for their injuries and damages and they will be left with the responsibility of financing their own medical bills and damages.

**COUNT I**
**NEGLIGENCE**
(by PLAINTIFFS against the UBER DEFENDANTS)

26. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

27. The UBER DEFENDANTS owed PLAINTIFFS a duty to ensure that the PLAINTIFFS were safely transported from their pick-up location to their destination.

28. The UBER DEFENDANTS further owed PLAINTIFFS a duty to ensure that that in the event that PLAINTIFFS were injured while they were riding in VK and/or KIZIRIAN's vehicle, the Suburban, that they would be sufficiently protected and insured for any injuries or damages that they received.

29. The UBER DEFENDANTS failed to require VK and/or KIZIRIAN to obtain an adequate insurance policy that would protect and did protect PLAINTIFFS in the event they were injured and/or harmed in the Suburban and thus breached the duty they owed the PLAINTIFFS.

30. Specifically, the UBER DEFENDANTS failed to require VK and/or KIZIRIAN to obtain a UM/UIM policy, which would have protected the PLAINTIFFS in a situation such as the one in the instant matter.

31. Due to the UBER DEFENDANTS breach of this duty, the PLAINTIFFS not only failed to make it to their destination safely, but the PLAINTIFFS also sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**COUNT II**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(by PLAINTIFFS against the UBER DEFENDANTS)

32. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

33. The UBER DEFENDANTS owed PLAINTIFFS a duty to ensure that the PLAINTIFFS were safely transported from their pick-up location to their destination.

34. The UBER DEFENDANTS further owed PLAINTIFFS a duty to ensure that that in the event that PLAINTIFFS were injured while they were riding in VK and/or KIZIRIAN's vehicle, the Suburban, that they would be sufficiently protected and insured for any injuries or damages that they received.

35. The UBER DEFENDANTS failed to require VK and/or KIZIRIAN to obtain an adequate insurance policy that would protect and did protect PLAINTIFFS in the event they were injured and/or harmed in the Suburban and thus breached the duty they owed the PLAINTIFFS.

36. Specifically, the UBER DEFENDANTS failed to require VK and/or KIZIRIAN to obtain a UM/UIM policy, which would have protected the PLAINTIFFS in a situation such as the one in the instant matter.

37. Due to the UBER DEFENDANTS breach of this duty, the PLAINTIFFS not only failed to make it to their destination safely, but the PLAINTIFFS became "direct victims" in the aforementioned car accident and sustained severe emotional damages.

38. Additionally, the PLAINTIFFS sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**COUNT III**
**NEGLIGENCE**
(by PLAINTIFFS against VK and KIZIRIAN)

39. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

40. VK and KIZIRIAN as the operators of the Suburban owed PLAINTIFFS a duty to ensure that the PLAINTIFFS were safely transported from their pick-up location to their destination.

41. VK and KIZIRIAN further owed PLAINTIFFS a duty to ensure that that in the event that PLAINTIFFS were injured while they were riding in the Suburban owned and operated by VK and/or KIZIRIAN that the PLAINTIFFS would be sufficiently protected and insured for any injuries or damages that they received.

42. VK and KIZIRIAN failed to acquire an insurance policy that would protect and did protect PLAINTIFFS in the event they were injured and/or harmed in the Suburban and thus VK and KIZIRIAN breached the duty they owed the PLAINTIFFS.

43. Specifically, VK and KIZIRIAN failed to obtain a UM/UIM policy, which would have protected the PLAINTIFFS in a situation such as the one in the instant matter.

44. Due to VK and KIZIRIAN's breach of this duty, the PLAINTIFFS not only failed to make it to their destination safely, but the PLAINTIFFS also sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

### COUNT IV
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFFS against VK and KIZIRIAN)

45. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

46. VK and KIZIRIAN owed PLAINTIFFS a duty to ensure that the PLAINTIFFS were safely transported from their pick-up location to their destination.

47. VK and KIZIRIAN further owed PLAINTIFFS a duty to ensure that that in the event that PLAINTIFFS were injured while they were riding in VK and/or KIZIRIAN's vehicle, the Suburban, that they would be sufficiently protected and insured for any injuries or damages that they received.

48. VK and KIZIRIAN failed to require VK and/or KIZIRIAN to obtain an adequate insurance policy that would protect and did protect PLAINTIFFS in the event they were injured and/or harmed in the Suburban and thus breached the duty they owed the PLAINTIFFS.

49. Specifically, VK and KIZIRIAN failed to obtain a UM/UIM policy, which would have protected the PLAINTIFFS in a situation such as the one in the instant matter.

50. Due to VK and KIZIRIAN's breach of this duty, the PLAINTIFFS not only failed to make it to their destination safely, but the PLAINTIFFS became "direct victims" in the aforementioned car accident and sustained severe emotional damages.

51. Additionally, the PLAINTIFFS sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

### COUNT V
### NEGLIGENCE
(by PLAINTIFFS against L. DEL RIO)

52. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

53. L. DEL RIO as the owner of the Terrain owed a duty of care to PLAINTIFFS, and the other

drivers on the Hollywood Freeway, to ensure that whomever she authorized to control and/or operate the Terrain conformed with, and abided by, the rules and regulations of the roadways of California, specifically the Hollywood Freeway.

54. L. DEL RIO breached this duty to the PLAINTIFFS by permitting, authorizing and/or otherwise allowing M. DEL RIO to drive the Terrain on March 4, 2018, while M. DEL RIO was intoxicated in violation of laws of California.

55. As a direct and foreseeable result of L. DEL RIO breaching this duty and allowing M. DEL RIO to operate the Terrain while M. DEL RIO was intoxicated, the PLAINTIFFS were severely injured when M. DEL RIO caused a collision on the Hollywood Freeway.

56. The collision M. DEL RIO caused was and can be attributed to her being intoxicated.

57. Due to L. DEL RIO's breach of her duty, the PLAINTIFFS sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**COUNT VI**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
(by PLAINTIFFS against L. DEL RIO)

58. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

59. L. DEL RIO as the owner of the Terrain owed a duty of care to PLAINTIFFS, and the other drivers on the Hollywood Freeway, to ensure that whomever she authorized to control and/or operate the Terrain conformed with, and abided by, the rules and regulations of the roadways of California, specifically the Hollywood Freeway.

60. L. DEL RIO breached this duty to the PLAINTIFFS by permitting, authorizing and/or otherwise allowing M. DEL RIO to drive the Terrain on March 4, 2018, while M. DEL RIO was intoxicated in violation of laws of California.

61. As a direct and foreseeable result of L. DEL RIO breaching this duty and allowing M. DEL RIO

to operate the Terrain while M. DEL RIO was intoxicated, the PLAINTIFFS were severely injured when M. DEL RIO caused a collision on the Hollywood Freeway.

62. The collision M. DEL RIO caused was and can be attributed to her being intoxicated.

63. Due to L. DEL RIO's breach of her duty, the PLAINTIFFS became "direct victims" in the aforementioned car accident and sustained severe emotional damages and damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

## COUNT VII
## NEGLIGENCE
(by PLAINTIFFS against M. DEL RIO)

64. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

65. M. DEL RIO as the operator of the Terrain owed a duty of care to PLAINTIFFS, and the other drivers on the Hollywood Freeway, to ensure that she conformed with, and abided by, the rules and regulations of the roadways of California, specifically the Hollywood Freeway while she was operating the Terrain.

66. M. DEL RIO breached this duty to the PLAINTIFFS by operating the Terrain on March 4, 2018, while she was intoxicated in violation of laws of California.

67. As a direct and foreseeable result of M. DEL RIO breaching this duty operating the Terrain while she was intoxicated, M. DEL RIO caused a collision on the Hollywood Freeway in which the PLAINTIFFS were severely injured.

68. The collision caused by M. DEL RIO was and can be attributed to her being intoxicated.

69. Due to M. DEL RIO's breach of her duty, the PLAINTIFFS sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

## COUNT VIII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(by PLAINTIFFS against M. DEL RIO)

70. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

71. . DEL RIO as the operator of the Terrain owed a duty of care to PLAINTIFFS, and the other drivers on the Hollywood Freeway, to ensure that she conformed with, and abided by, the rules and regulations of the roadways of California, specifically the Hollywood Freeway while she was operating the Terrain.

72. M. DEL RIO breached this duty to the PLAINTIFFS by operating the Terrain on March 4, 2018, while she was intoxicated in violation of laws of California.

73. As a direct and foreseeable result of M. DEL RIO breaching this duty operating the Terrain while she was intoxicated, M. DEL RIO caused a collision on the Hollywood Freeway in which the PLAINTIFFS were severely injured.

74. The collision caused by M. DEL RIO was and can be attributed to her being intoxicated.

75. Due to M. DEL RIO's breach of her duty, the PLAINTIFFS became "direct victims" in the aforementioned car accident and sustained severe emotional damages and damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

## COUNT IX
## BATTERY
(by PLAINTIFFS against M. DEL RIO)

76. PLAINTIFFS hereby repeat, reallege and incorporate by reference each and every allegation contained hereinabove and incorporate the same herein as though fully set forth herein.

77. M. DEL RIO caused the willful and unlawful touching of the PLAINTIFFS, by her vehicle through her willful, wanton and reckless conduct when she operated the Terrain while she was intoxicated.

78. PLAINTIFFS did not consent or authorize the touching caused by M. DEL RIO.

79. PLAINTIFFS were severely injured and suffered damages as a result of the touching caused by M. DEL RIO.

80. Due to M. DEL RIO's battery of the PLAINTIFFS, the PLAINTIFFS sustained damages of a physical, emotional and pecuniary nature, in an amount to be proven at trial in excess of the jurisdictional limits.

**WHEREFORE**, for the reasons set forth herein, the PLAINTIFFS respectfully request that this Court award damages against the Defendants and each of them as follows:

a. For general damages to be proven at trial in an amount in excess of $1.5 million dollars;

b. For special damages to be proven at trial in an amount in excess of $1.5 million dollars;

c. For the costs of this action;

d. For attorney's fees; and

e. For any other and further legal and equitable relief this Court deems just and proper.

DATED this 4th day of March 2020.

THE WILLIAMS LAW GROUP

_____/s Andrew Williams, Esq.
BY: ANDREW WILLIAMS, ESQ.
California Bar No.: 310526
6273 Sunset Drive, Ste D3
South Miami, Florida 33143
Telephone: (253) 970-1683
Attorney for Plaintiff Cheyenne Petrich
E-Service: Andrew@TheWilliamsLG.com
Secondary: WilliamsLawFlorida@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiffs CHEYENNE PETRICH and ANDREW WILLIAMS, hereby demand a trial by jury for all issues so triable.

DATED this 4th day of March 2020.

**THE WILLIAMS LAW GROUP**

_____/s Andrew Williams, Esq.

## RESERVATION OF RIGHTS

Plaintiffs CHEYENNE PETRICH and ANDREW WILLIAMS reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against the Defendants or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiffs CHEYENNE PETRICH and ANDREW WILLIAMS further reserve the right to seek and have punitive damages assessed against the Defendants.

DATED this 4th day of March 2020.

**THE WILLIAMS LAW GROUP**

_____/s Andrew Williams, Esq.
