FILED
CLERK, U.S. DISTRICT COURT

10/29/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CW___ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHEYENNE PETRICH and ANDREW WILLIAMS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC, RASIER-PA, LLC, VK SHUTTLE, LLC, VARUZHAN KIZIRIAN, DAIRY MARIELA HERRERA DEL RIO, LORENA LARA DEL RIO, and DOES 1-50,<br><br>　　　　Defendants. | Case No.: CV 20-02133-CJC(SKx)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [DKT. 62]** |

//

## I. INTRODUCTION & BACKGROUND

On March 4, 2020, Plaintiffs Cheyenne Petrich and Andrew Williams filed this action against Defendants Uber Technologies, Inc. ("Uber"), Rasier, LLC, Rasier-CA, LLC, Rasier-PA, LLC, VK Shuttle, LLC, Varuzhan Kizirian, Dairy Mariela Del Rio, Lorena Lara Del Rio, and unnamed Does. (Dkt. 1 [Complaint, hereinafter "Compl."].)

Plaintiffs allege that they were involved in a car accident while they were being driven by Varuzhan Kizirian, an Uber driver. (*Id.* ¶ 16.) While Plaintiffs were being driven by Kizirian, they allegedly collided with another vehicle that had been hit by Dairy Mariela Del Rio ("Mariela"), who was driving while intoxicated. (*Id.* ¶¶ 20–21.) The vehicle driven by Mariela is allegedly owned by Lorena Lara Del Rio ("Lorena"), and neither Mariela nor Lorena had auto insurance. (*Id.* ¶ 23.) Additionally, neither Varuzhan Kizirian nor VK Shuttle, the LLC that he established, carried uninsured motorist coverage. (*Id.* ¶ 24.) Consequently, Plaintiffs allege that they were "left without adequate relief and coverage for their . . . medical bills and damages." (*Id.* ¶ 25.) Plaintiffs bring claims for negligence, negligent infliction of emotional distress, and battery. (*Id.* ¶¶ 26–80.) They each seek $1.5 million in damages. (*Id.* at 12.)

In July 2020, Plaintiff Cheyenne Petrich resolved her claims against Defendants Uber, Rasier, Rasier-CA, and Varuzhan Kizirian. (*See* Dkt. 38.) The Court dismissed Petrich's claims against these Defendants but Williams' claims against them remained. (*Id.*)

Defendants never responded to the complaint, and on July 31, 2020, the Clerk entered default against all Defendants. (Dkts. 56–57.) On October 21, however, the Court set aside default against Defendants Uber, Rasier, Rasier-CA, and Rasier-PA. (Dkt. 68.) Now before the Court is Plaintiffs' motion for default judgment against

Defendants VK Shuttle, Dairy Mariela Del Rio, Lorena Lara Del Rio, and Varuzhan Kizirian. (Dkt. 62 [hereinafter, "Mot."]) For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.[1]

## II. DISCUSSION

Plaintiffs seek default judgment against Defendants on their claims for negligence, negligent infliction of emotional distress, and battery. (Compl. ¶¶ 26–80.) They request damages of at least $1.5 million per Plaintiff. (*Id.* at 12.) Plaintiffs' motion for default judgment fails on multiple grounds.

First, Plaintiffs' motion fails to meet the procedural requirements for default judgment. Federal Rule of Civil Procedure 55(b)(2) and this Court's Local Rule 55-1 "require that applications for default judgment set forth the following information: (1) when and against which party default was entered; (2) the identification of the pleadings to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required." *Philip Morris USA Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). Here, Plaintiffs' declaration fails to assert that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply to Lorena Del Rio. (*See* Dkt. 62-1 [Declaration of Andrew Williams] ¶ 10.)

Additionally, on a motion for default judgment, plaintiffs are "required to prove all damages sought in the complaint," *Philip Morris*, 219 F.R.D. at 498, and they bear the

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 16, 2020, at 1:30 p.m. is hereby vacated and off calendar.

burden of proving these "damages through testimony or written affidavit," *Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Here, Plaintiffs do not provide any testimony or affidavits supporting their request for $1.5 million in damages per Plaintiff. To the contrary, Plaintiffs request that "this Court stay entering a judgment amount until the Plaintiffs['] pending claims with the remaining [non-defaulting] defendants have resolved." (Mot. at 4.) Because Plaintiffs have not met their burden of proving the amount of their damages, their motion for default judgment fails.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is **DENIED WITHOUT PREJUDICE**. If Plaintiffs wish to file a renewed motion for default judgment addressing these deficiencies, they may do so within 14 days of the date on which their claims against the non-defaulting Defendants are resolved.

DATED: October 29, 2020

HON. CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE